IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:09-CR-23-WKW |
| | ) | [WO] |
| LAJOSEPH STORY | ) | |

**ORDER**

Defendant's case was referred to this court's First Step Screening Panel to assess Defendant's eligibility for a sentence reduction under the First Step Act of 2018, which made retroactive the Fair Sentencing Act of 2010's statutory reductions to crack cocaine sentences. *See* First Step Act, Pub. L. No. 115-291, 132 Stat. 5194 (2018); Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The single issue is whether Defendant is eligible under the First Step Act for a sentence reduction on his 2010 conviction for possession with intent to distribute crack cocaine under 21 U.S.C. § 841(b)(1)(C). The Panel was unable to reach a unanimous decision on Defendant's eligibility. On the Panel's recommendation, the court appointed counsel to represent Defendant and ordered briefing. (Doc. # 69.) After briefing closed, the Supreme Court of the United States decided *Terry v. United States*, 141 S. Ct. 1858, 1860 (2021). *Terry* answers the issue.

In *Terry*, the Court held that the Fair Sentencing Act "did not modify the statutory penalties for" offenses under § 841(b)(1)(C). 141 S. Ct. at 1863.

Consequently, the First Step Act does not grant eligibility for a sentence reduction to a defendant sentenced under § 841(b)(1)(C).

Based on the authority of *Terry*, it is ORDERED that Defendant is not eligible for a sentence reduction under the First Step Act.

DONE this 5th day of November, 2021.

                                               /s/ W. Keith Watkins
                                   UNITED STATES DISTRICT JUDGE